IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNY RAY CHANDLER, | : | CIVIL ACTION NO. 1:14-CV-1723 |
| | : | |
| Plaintiff | : | Chief Judge Conner |
| | : | |
| v. | : | |
| | : | |
| MR. KEVIN PIGOS, M.D., MR. RICE, | : | |
| | : | |
| Defendants | : | |

**ORDER**

AND NOW, this 23rd day of October, 2014, upon consideration of plaintiff's recently filed Bivens[1] action (Doc. 1), in which he seeks to proceed *in forma pauperis* (Doc. 7), and the court finding that the "three strikes" provision of the Prison Litigation Reform Act of 1996 ("PLRA"), codified at 28 U.S.C. § 1915(g), prohibits him from proceeding *in forma pauperis* as he has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim, see Ibrahim v. District of Columbia, 208 F.3d 1032 (D.C.Cir. 2000), and it being evident that plaintiff's allegations[2] do not indicate that he "is under imminent serious

---

[1] See Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971) (holding that there exists an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights).

[2] Chandler, an inmate incarcerated at the United States Penitentiary at Lewisburg, alleges that as a result of being assaulted by another inmate in 2013, he suffered broken ribs and sustained severe nerve damage and numbness in his left and right hands. (Doc. 1, at 2-3). He is dissatisfied with the medical treatment he has received, specifically, the failure of defendants to order a magnetic resonance imaging test. (Id. at 3-5).

physical injury," 28 U.S.C. § 1915(g) (setting forth the three strikes rule which provides that an inmate who has three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim may not proceed in forma pauperis "unless the prisoner is under imminent danger of serious physical injury"), or that a threat of danger is real and proximate, Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*) (finding that the plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed and that allegations that he faced imminent danger in the past are insufficient to trigger the exception to section 1915(g)); Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (concluding that the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate"), and, therefore, his claim fails to meet the imminent danger exception to section 1915(g), it is hereby ORDERED that:

1. Plaintiff's request to proceed *in forma pauperis* (Doc. 7) is DENIED.

2. Plaintiff's complaint (Doc. 1) is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g).

3. The Clerk of Court is directed to VACATE the administrative order (Doc. 9) and NOTIFY the warden at the United States Penitentiary at Lewisburg.

4. The Clerk of Court is further directed to CLOSE this case.

5. Any appeal from this order is DEEMED frivolous and not in good faith. <u>See</u> 28 U.S.C. § 1915(a)(3).

      <u>/S/ CHRISTOPHER C. CONNER</u>
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania